UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDWARD JOSEPH ROZEN,

    Defendant.
_____/

CASE NO. 82-CR-50045

JUDGE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

VICE-JUDGE STEWART NEWBLATT

## ORDER DENYING MOTION TO EXPUNGE CRIMINAL RECORD

On April 28, 1983, Defendant pled guilty to felony counts one, six and sixteen in a criminal information charging him with sixteen criminal copyright infringements, in violation of 17 U.S.C. §506(a).

On August 2, 1983, Judge Stewart Newblatt sentenced Mr. Rozen to five years probation, a $10,000 fine and 200 hours of community service/volunteer work.

On February 3, 1988, Defendant pled guilty to violating probation condition #1, the fine requirement.

On April 6, 1988, Judge Newblatt sentenced Rozen for that violation; reimposing probation, and requiring an additional $1000 fine and the performance of 120 hours of community service.

The sentence has been served.

In November, 2009, Defendant Rozen filed a motion to expunge his criminal record to

1

enable him to own and operate a firearm to facilitate hunting with his children and grand children.

Defendant Rozen alleges that he has not been convicted of any additional offenses.

Defendant Rozen does not challenge the validity of his plea convictions.

## LEGAL DISCUSSION

Per the opinions of United States District Judge George Caram Steeh, Jr., *United States v. Dennis Johnson*, #97-90045, 2007 WL 1377930 (E.D.MI, May 9, 2007), and United States District Judge Avern Cohn, *United States v. Ursery*, #93-50016, July 2, 2007, two courts have held that expungement of a criminal conviction record is warranted only under extraordinary circumstances, e.g. when there is an invalid conviction or when the defendant challenges the validity of his plea-based conviction.

In the instant case, no such claims are before this Court.

As United States District Judge Nancy Edmunds held in *United States v. Lucido*, 2009 WL 728526 (March 19, 2009) even an acquittal alone is not cause for expungement. Also see *United States v. Saah*, 2007 WL 734984 (E.D.MI, March 8, 2007), and *United States v. Lind* 2006 WL 2087726, also denying expungement, where petitioners alleged that the convictions interfered with chances for employment.

## CONCLUSION

In the instant case, Mr. Rozen does not allege that he was not legally charged, convicted and sentenced.

Accordingly, the Court concludes that there are not valid grounds to expunge his conviction.

The Court suggests that he plead his case for relief to the pardon attorney to the Executive Branch of the United States.

DATED: 12-30-10

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

PURSUANT TO RULE 77 (d), FED. R. CIV. P.
COPIES MAILED TO ATTORNEYS FOR ALL
PARTIES ON Dec 30, 20 10

DEPUTY COURT CLERK